CORTIÑAS, J.
Nineteen years ago, a jury found Marco Nordelo guilty of armed robbery of a convenience store and sentenced him to life in prison as a habitually violent offender. Before Nordelo’s trial began, his codefen-dant entered a plea of no contest and was sentenced to twenty-five years in state prison.
Two years ago, Nordelo filed a Motion for New Trial Based on Newly Discovered Evidence and Prosecutorial Misconduct Pursuant to Rule 3.850. Attached to the motion was an affidavit from Nordelo’s codefendant, a nineteen-time convicted felon, alleging that Nordelo had not participated in the robbery and naming a different co-perpetrator. The codefendant claimed that he did not come forward with this information sooner because he was afraid that the State would take away his plea offer.
At a hearing on the motion, the trial court ruled that “[t]he evidence could have been obtained through due diligence simply” and that just because the codefen-dant’s custodial status changed and he “decided to come forward does not render the evidence newly discoverable.” The trial court entered a written order “finding that the evidence as to both counts is not newly discovered and could have been obtained through due diligence” and that the allegation of prosecutorial misconduct was successive to one of Nordelo’s prior Motions for Post-Conviction relief. The order directed the clerk to attach necessary record excerpts from the file to support the ruling. Nordelo now appeals the part of the trial court’s order denying his motion for a new trial based on newly discovered evidence, arguing that the case must be remanded for an evidentiary hearing.
In Jones v. State, 591 So.2d 911 (Fla.1991), the Florida Supreme Court “articulated a two-step inquiry for determining whether a defendant is entitled to relief for newly discovered evidence.” McLin v. State, 827 So.2d 948, 956 (Fla.2002) (citing Jones, 591 So.2d at 915-16). The first prong is that “in order to be considered newly discovered, the evidence ‘must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that defendant or his counsel could not have known [of it] by the use of diligence.’ ” Jones v. State, 709 So.2d 512, 521 (Fla.1998) (quoting Torres-Arboleda v. Dugger, 686 So.2d 1321, 1324-25 (Fla.1994)).
The second prong “requires that ‘in order to provide relief, the newly discovered evidence must be of such nature that it would probably produce an acquittal on retrial.’ ” McLin, 827 So.2d at 956 (quoting Jones, 591 So.2d at 915). “To reach this conclusion the trial court is required to ‘consider all newly discovered evidence which would be admissible’ at trial and then evaluate the “weight of both the newly discovered evidence and the evidence which was introduced at the trial.’ ” Jones, 709 So.2d at 521 (citing Jones, 591 So.2d at 916). The trial court thoroughly considers the evidence so that an “appellate court can ‘fully evaluate the quality of the evidence which demonstrably meets the definition of newly discovered evidence.’ ” McLin, 827 So.2d at 956 (citing Jones, 591 So.2d at 916).
The codefendant’s affidavit cannot be deemed newly discovered evidence because it was either known to or easily discoverable by Nordelo and his counsel: the court allowed them both to speak with the codefendant after his plea was accepted and before Nordelo’s trial began. Put in the context of due diligence, if Nordelo *857 had believed that he was innocent, then he would have had a reasonable basis for believing that his codefendant would provide exculpatory testimony and would have sought to elicit such testimony. Indeed, the record is clear that neither side called the codefendant as a witness.
Nordelo cites Brantley v. State, 912 So.2d 342 (Fla. 3d DCA 2005), for the proposition that evidence can be treated as newly discovered where it is “ ‘based on newly available testimony of defendants who were previously unwilling to testify.’ ” Totta v. State, 740 So.2d 57, 58 (Fla. 4th DCA 1999) (citing Kendrick v. State, 708 So.2d 1011 (Fla. 4th DCA 1998)). However, in Brantley, “[a]ecording to the Rule 3.850 motion, defense counsel tried to obtain the cooperation of [the] co-defendant ... but [he] refused[, and] ... defense counsel could not have procured [his] testimony on account of the Fifth Amendment privilege against self incrimination.” Brantley, 912 So.2d at 342-43. In contrast, Nordelo failed to allege in his motion that he ever, in seventeen years, asked his codefendant to testify.
The codefendant now claims in his affidavit that the reason he did not come forward with this information sooner is because he “was afraid that the Officer of the State Attorney would take away [his] plea offer.” This is nonsensical: as the court had already accepted his plea, which required him neither to testify for the State nor to refrain from testifying for Nordelo, he could have come forward with this supposed information at any time, and the State would have had no discretion or authority to withdraw the plea offer or vacate the plea. Furthermore, the code-fendant does not state in his affidavit, nor does Nordelo allege, that he was coerced or threatened by anyone, including the State.[1]
This case is also distinguishable from the line of cases involving recanted testimony, such as Keen v. State, 855 So.2d 117 (Fla. 2d DCA 2003). There, the witness testified against the defendant at trial, and the defendant could not have known that the witness would eventually change his testimony; here, it is unknown what Nor-delo’s codefendant would have said since neither side ever asked him to testify. Nordelo suggests that because his codefen-dant made no prior inconsistent statements contradicting the statement in his affidavit that someone other than Nordelo committed the robbery, his credibility must be evaluated in an evidentiary hearing.
However, an evidentiary hearing is not required here: one is required, if at all, for the sole purpose of allowing the trial court to determine whether the newly discovered evidence is of “such nature that it would probably produce an acquittal on retrial.” Jones, 591 So.2d at 915. Furthermore, such a hearing is not required when “the affidavit is inherently incredible or obviously immaterial to the verdict.” Stephens v. State, 829 So.2d 945, 946 (Fla. 1st DCA 2002); see Taylor v. State, 877 So.2d 842, 843 (Fla. 3d DCA 2004); Evans v. State, 843 So.2d 938, 940 (Fla. 3d DCA *858 2003). “Such rulings must be made on a case-by-case basis.” Johnson v. Singletary, 647 So.2d 106, 111 (Fla.1994).
Nordelo complains that the trial judge failed to attach portions of the record to her order in contravention of rule 8.850(d), Florida Rules of Criminal Procedure. See Anderson v. State, 627 So.2d 1170, 1171 (Fla.1993) (citing Hoffman v. State, 571 So.2d 449, 450 (Fla.1990)) (“To support summary denial without a hearing, a trial court must either state its rationale in its decision or attach those specific parts of the record that refute each claim presented in the motion.”). However, that portion of Rule 3.850(d) regards only “those instances when the denial is not predicated on the legal insufficiency of the motion on its face.” As Nordelo’s motion is legally insufficient, the trial court’s summary denial is adequate.
In order for an appellate court “[t]o uphold the trial court’s summary denial of claims raised in a 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record.” Peede v. State, 748 So.2d 253, 257 (Fla.1999) (citing Fla. R.Crim. P. 3.850(d)). Norde-lo’s claims are both. First, his claim that his codefendant’s affidavit is newly discovered evidence is invalid on its face: as explained above, the affidavit provides no information that neither Nordelo nor his counsel could have discovered at the time of trial through the exercise of due diligence. Second, his claim is conclusively refuted by the record: the State presented overwhelming evidence of Nordelo’s guilt during the trial, including the victim’s identification of both defendants from photo lineups with one hundred percent certainty. Furthermore, under Taylor v. State, 877 So.2d 842, 843 (Fla. 3d DGA 2004), “the trial court could properly reject the affidavit, for it is ‘inherently incredible’”: therein, the codefendant claims he was the driver of the white car, while the record shows that the arresting officer testified — and Nordelo never disputed — that Nordelo was driving at the time of his arrest.
We agree that this alleged evidence cannot meet the first prong of the newly discovered evidence test. We therefore affirm the trial court’s summary denial of the newly discovered evidence claim. We find that the record shows conclusively that Nordelo is entitled to no postconviction relief, and we affirm the trial court’s order.
Affirmed.
WELLS, J., concurs.

. For the first time on appeal, Nordelo argues that he could not have compelled his codefen-dant’s exonerating testimony because that would have required the codefendant to implicate himself, in contravention of the Fifth Amendment’s right to silence, in the theft of the white car the two drove in a high-speed chase two days after the robbery. Although we cannot consider this argument for the first time on appeal, see Castor v. State, 365 So.2d 701, 703 (Fla.1978), we note that there is no reason why the codefendant could not have exonerated Nordelo without mentioning the white car; in fact, Nordelo's 1992 direct appeal held that evidence of the high speed chase was irrelevant and should have been excluded.