LABARGA, J.
We have for review the decision of the Third District Court of Appeal in Nordelo v. State, 47 So.3d 854 (Fla. 3d DCA 2010), on the ground that it misapplies our precedent concerning summary denial of an evi-dentiary hearing in postconviction proceedings under Florida Rule of Criminal Procedure 3.850. We have jurisdiction under article V, § 3(b)(3), of the Florida Constitution. See Jamies v. State, 51 So.3d 445, 446 (Fla.2010) (identifying misapplication of decisions as a basis for express and direct conflict jurisdiction under article V, § 3(b)(3), Fla. Const.). As explained below, we conclude that the district court misapplied our precedent and in so doing erred in affirming the summary denial of Nordelo’s successive motion for postcon-viction relief based on newly discovered evidence. Accordingly, we quash the decision below and remand for an evidentiary hearing on the newly discovered evidence claim involving only the affidavit of code-fendant Angel Lopez.
FACTS AND PROCEDURAL HISTORY
The decision of the district court which is now before the Court sets forth the basic facts pertinent to this case as follows:
Nineteen years ago, a jury found Marco Nordelo guilty of armed robbery of a convenience store and sentenced him to life in prison as a habitually violent offender. Before Nordelo’s trial began, his codefendant entered a plea of no contest and was sentenced to twenty-five years in state prison.
Two years ago, Nordelo filed a Motion for New Trial Based on Newly Discovered Evidence and Prosecutorial Misconduct Pursuant to Rule 3.850. Attached to the motion was an affidavit from Nor-delo’s codefendant, a nineteen-time convicted felon, alleging that Nordelo had not participated in the robbery and naming a different co-perpetrator. The co-defendant claimed that he did not come forward with this information sooner because he was afraid that the State would take away his plea offer.
Nordelo, 47 So.3d at 856.[1] The postconviction motion for new trial alleged two claims. First, based on the Lopez affidavit, Nordelo alleged that a new trial is required based on newly discovered evidence that he was not involved in the crime. Second, he alleged that the prosecutor knowingly presented false or misleading evidence that Nordelo was driving a white car when he was arrested the day after the robbery although the prosecutor knew at the time that the white car seen during the robbery and the white car Nor-delo was driving were not the same car.[2]
*181 The sworn affidavit of codefendant Angel Lopez, which was the basis of the postconviction motion for new trial, states:

AFFIDAVIT OF ANGEL LOPEZ

I, Angel Lopez, do swear under penalty of perjury, that the following statements are true and correct:
I was involved in the armed robbery of the Circle-K convenience store on May 29, 1990, at approximately 6:45 am, located at 595 SE Okeechobee Road. I entered this convenience store with an accomplice named Jose Sanchez, not Mr. Marco Nordelo.
Mr. Nordelo was not present at the time of the robbery, and was not involved in any way.
I was then involved in the Grand Theft of a Ford Taurus on the next day, May 30, 1990. I was driving this stolen car when I came into contact with Mr. Nordelo.
Mr. Nordelo was the passenger in this car when we were both arrested on May 31, 1990. Any items from the robbery that were in the car were placed there by me.
I did not come forward with this information sooner, as I was afraid that the Office of the State Attorney would take away my plea offer. I took the plea and then refused to testify. I was ignorant of the law and was afraid that if I had not cooperated with the State Attorney, then my plea would have been refused.
Marco Nordelo was mis-identified by Mr. Benavides, the victim in the robbery. He should have never been convicted because he is innocent of this crime.
I feel it is now time to come forward with the truth.
The circuit court held a hearing to determine if an evidentiary hearing would be required on the motion. After hearing argument of counsel, the circuit court denied the evidentiary hearing and issued an order summarily denying postconviction relief, concluding that the evidence was not newly discovered in that it could have been obtained earlier by due diligence and that the claim of prosecutorial misconduct was barred as successive. The order further directed the clerk “to attach all necessary record excerpts from the court file that support the Court’s ruling in this matter,” although the record in this case shows no attachments to the order.
Nordelo took a timely appeal to the Third District Court of Appeal. On appeal, although the majority concluded that the motion was “legally insufficient,” 47 So.2d at 858, it also concurred with the postconviction court on its factual conclusions. The district court stated:
The codefendant’s affidavit cannot be deemed newly discovered evidence because it was either known to or easily discoverable by Nordelo and his counsel: the court allowed them both to speak with the codefendant after his plea was accepted and before Nordelo’s trial began. Put in the context of due diligence, if Nordelo had believed that he was innocent, then he would have had a reasonable basis for believing that his code-fendant would provide exculpatory testimony and would have sought to elicit such testimony. Indeed, the record is clear that neither side called the code-fendant as a witness.
*182 ... Nordelo failed to allege in his motion that he ever, in seventeen years, asked his codefendant to testify.
The codefendant now claims in his affidavit that the reason he did not come forward with this information sooner is because he “was afraid that the Office of the State Attorney would take away [his] plea offer.” This is nonsensical: as the court had already accepted his plea, which required him neither to testify for the State nor to refrain from testifying for Nordelo, he could have come forward with this supposed information at any time, and the State would have had no discretion or authority to withdraw the plea offer or vacate the plea. Furthermore, the codefendant does not state in his affidavit, nor does Nordelo allege, that he was coerced or threatened by anyone, including the State.
[[Image here]]
In order for an appellate court “[t]o uphold the trial court’s summary denial of claims raised in a 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record.” Peede v. State, 748 So.2d 253, 257 (Fla.1999) (citing Fla. R.Crim. P. 3.850(d)). Nordelo’s claims are both. First, his claim that his codefendant’s affidavit is newly discovered evidence is invalid on its face: as explained above, the affidavit provides no information that neither Nordelo nor his counsel could have discovered at the time of trial through the exercise of due diligence. Second, his claim is conclusively refuted by the record: the State presented overwhelming evidence of Nordelo’s guilt during the trial, including the victim’s identification of both defendants from photo lineups with one hundred percent certainty. Furthermore, under Taylor v. State, 877 So.2d 842, 843 (Fla. 3d DCA 2004), “the trial court could properly reject the affidavit, for it is ‘inherently incredible’ ”: therein, the codefendant claims he was the driver of the white car, while the record shows that the arresting officer testified — and Nordelo never disputed— that Nordelo was driving at the time of his arrest.
We agree that this alleged evidence cannot meet the first prong of the newly discovered evidence test. We therefore affirm the trial court’s summary denial of the newly discovered evidence claim. We find that the record shows conclusively that Nordelo is entitled to no postconviction relief, and we affirm the trial court’s order.
Affirmed.
Nordelo, 47 So.3d at 856-58.
Judge Cope dissented in Nordelo, concluding that the motion was in fact sufficient to require an evidentiary hearing, and opined that where the new evidence suggests that the defendant is actually innocent, the court should err on the side of granting a hearing. Id. at 858 (Cope, J., dissenting). Citing this Court’s decision in Davis v. State, 26 So.3d 519, 526 (Fla.2009), Judge Cope further noted:
The Davis court explained that there is an important distinction between the requirements (a) to plead the existence of newly discovered evidence, versus (b) the heightened requirements to establish due diligence during an evidentiary hearing. The pleading requirement is lower; the proof requirement is higher. The Davis Court said:
The postconviction trial court appears to have incorrectly applied the heightened requirements to establish due diligence during an evidentiary hearing to evaluate the allegations at a pleading stage. However, permitting a newly discovered evidence claim to proceed to an evidentiary hearing does not establish that the *183 recanted testimony qualifies as newly discovered evidence as a matter of law. See Swafford, 679 So.2d at 739. The newly discovered evidence claim remains to be factually tested in an evidentiary hearing to determine whether the defendant has demonstrated that the successive motion has been filed within the time limit for when the statement was or could have been discovered through the exercise of due diligence. See id. The motion here was sufficiently pled to allow the opportunity to prove through the testimony of witnesses that the threshold requirement of due diligence was satisfied. Accordingly, the postconviction trial court erred in summarily denying this claim on the basis that the pleading failed to sufficiently satisfy the due diligence requirement at that stage of the proceeding.
26 So.3d at 528-29.
Codefendant Lopez’s affidavit states that he “did not come forward with this information [exonerating the defendant] sooner, as I was afraid that the Office of the State Attorney would take away my plea offer. I took the plea and then refused to testify. I was ignorant of the law and was afraid that if I had not cooperated with the State Attorney, then my plea would have been refused.” For pleading purposes, we are required to accept that statement as true. The majority opinion says that this statement is nonsensical, majority op. at 857, by which the majority opinion means that codefendant Lopez was wrong about the law. For present purposes, however, we are required to accept the proposition that the [co]defendant [Lopez] did not know the law — which is what his affidavit says — and believed that any cooperation would jeopardize his plea. He states that he refused to testify.
Nordelo, 47 So.3d at 861 (Cope, J., dissenting). We turn next to the pertinent provisions of rule 3.850, the rule under which Nordelo filed his motion.
Florida Rule of Criminal Procedure 3.850
Florida Rule of Criminal Procedure 3.850 provides in pertinent part as follows:
Rule 3.850. Motion to Vacate, Set Aside, or Correct Sentence
(a) ....
(b) Time Limitations. A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final unless it alleges that
(1) the facts on which the claim is predicated were unknown to the movant or the movant’s attorney and could not have been ascertained by the exercise of due diligence, and the claim is made within 2 years of the time the new facts were or could have been discovered with the exercise of due diligence, or
(2) ....
(3) ....
(d) Procedure; Evidentiary Hearing; Disposition. On filing of a rule 3.850 motion, the clerk shall forward the motion and file to the court. If the motion, files, and records in the case conclusively show that the movant is entitled to no relief, the motion shall be denied without a hearing. In those instances when the denial is not predicated on the legal insufficiency of the motion on its face, a copy of that portion of the files and records that conclusively shows that the movant is entitled to no relief shall be attached to the order. ... If the court finds that the judgment was *184 rendered without jurisdiction, that the sentence imposed was not authorized bylaw or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the movant as to render the judgment vulnerable to collateral attack, the court shall vacate and set aside the judgment and shall discharge or re-sentence the movant, grant a new trial, or correct the sentence as may appear appropriate.
Fla. R.Crim. P. 3.850(b), (d) (emphasis added). Nordelo contends that both the trial court and the district court failed to apply binding precedent of this Court in evaluating his motion for a new trial by not taking as true the facts set forth in the motion for purposes of evaluating its sufficiency. We agree, and for the reasons set forth below, we quash the decision of the district court.
ANALYSIS
“A postconviction court’s decision whether to grant an evidentiary hearing on a rule 3.850 motion is ultimately based on written materials before the court. Thus, its ruling is tantamount to a pure question of law, subject to de novo review.” Franqui v. State, 59 So.3d 82, 95 (Fla.2011) (footnote omitted). To prevail on a claim of newly discovered evidence, a movant must show the following: (1) the evidence was unknown to the movant or his counsel and could not have been uncovered by due diligence at the time of trial; and (2) the evidence is such that it would probably produce an acquittal on retrial. See Jones v. State, 591 So.2d 911, 915 (Fla.1991) (Jones I).
In evaluating the legal sufficiency of a motion based on newly discovered evidence, the court must accept the allegations as true for the purpose of determining whether the alleged facts, if true, would “render the judgment vulnerable to collateral attack.” Arbelaez v. State, 775 So.2d 909, 915 (Fla.2000) (citing Ragsdale v. State, 720 So.2d 203 (Fla.1998)). In Steinhorst v. State, 498 So.2d 414 (Fla.1986), we explained the process as follows:
Where a motion for post-conviction relief under rule 3.850 lacks any substantial factual allegations, or where the facts alleged, even if true, would not render the judgment vulnerable to collateral attack, the motion may be summarily denied without examination of the record. But where the motion contains allegations of substantial material facts stating a claim cognizable in post-conviction proceedings, the motion must be evaluated in light of the trial record. Steinhorst’s allegations were sufficiently adequate to at least require an examination of the record.
It appears in this case that the circuit court judge did not examine the trial record and did not have the record before him when ruling on appellant’s rule 3.850 motion.
Id. at 414-15. We reiterated in Hamilton v. State, 875 So.2d 586 (Fla.2004):
Where the motion lacks sufficient factual allegations, or where alleged facts do not render the judgment vulnerable to collateral attack, the motion may be summarily denied. Ragsdale v. State, 720 So.2d 203, 207 (Fla.1998). However, in cases where there has been no evidentia-ry hearing, this Court must accept the defendant’s factual allegations to the extent the record does not refute them. See Peede v. State, 748 So.2d 253, 257 (Fla.1999). In other words, this Court must examine each claim to determine if it is legally sufficient, and if so, determine whether or not the claim is refuted by the record. Atwater v. State, 788 So.2d 223, 229 (Fla.2001).
*185 Id. at 591; see also Foster v. State, 810 So.2d 910, 914 (Fla.2002).
Thus, “[u]pon receiving a motion filed under rule 3.850, the court must first ‘determine whether the motion is facially sufficient, i.e., whether it sets out a cognizable claim for relief based upon the legal and factual grounds asserted.’ Only after the trial court deems the motion (or the particular claims within it) facially sufficient does it review the record for evidence refuting the claim.” Spera v. State, 971 So.2d 754, 758 (Fla.2007) (citations omitted) (quoting Jacobs v. State, 880 So.2d 548, 550 (Fla.2004)). We have explained this distinction between the tasks undertaken in the evaluation of the sufficiency of a 3.850 motion as follows:
[R]ule 3.850 distinguishes between claims that are facially insufficient and those that are facially sufficient but are also conclusively refuted by the record. A determination of facial sufficiency will rest upon an examination of the face, or contents, of the postconviction motion. Because the determination of facial sufficiency under rule 3.850 is one of law and involves an evaluation of the legal sufficiency of the claim alleged, the evidence in the record will ordinarily be irrelevant to such an evaluation.
Spera, 971 So.2d at 758 (quoting Jacobs, 880 So.2d at 551). Both the circuit court and the district court muddied the distinction between evaluation of the facial sufficiency of the motion and the subsequent task of determining if a facially sufficient motion is conclusively refuted by the record. In the lower courts’ consideration and review of Nordelo’s motion, both courts made factual determinations based solely on the face of the motion.
In Jones I, we recognized the practical difficulty in attempting to evaluate a newly discovered evidence claim solely on the face of the pleading, stating:
On the face of the pleadings, we cannot determine whether some of the evidence can properly be said to be newly discovered. Moreover, we cannot fully evaluate the quality of the evidence which demonstrably meets the definition of newly discovered evidence. Therefore, we believe it necessary to have an evi-dentiary hearing on the claims that are based upon newly discovered evidence. At the hearing, the trial judge should consider all newly discovered evidence which would be admissible and determine whether such evidence, had it been introduced at the trial, would have probably resulted in an acquittal. In reaching this conclusion, the judge will necessarily have to evaluate the weight of both the newly discovered evidence and the evidence which was introduced at the trial.
Jones, 591 So.2d at 916. These types of factual matters generally require an evi-dentiary hearing to resolve. The determination of whether the statements in an affidavit provided as newly discovered evidence are true and meet the due diligence and probability prongs of Jones v. State, 709 So.2d 512, 521 (Fla.1998) (Jones II), “usually requires an evidentiary hearing to evaluate credibility unless the affidavit is inherently incredible or obviously immaterial to the verdict and sentence.” Davis, 26 So.3d at 526; see also McLin v. State, 827 So.2d 948, 955 (Fla.2002) (requiring an evidentiary hearing to test the credibility of the codefendant’s recantation that served as the basis for a newly discovered evidence claim). Similarly, where the co-defendant’s statement in the affidavit is not a recantation, but is clearly exculpatory of the movant, an evidentiary hearing will allow the court to determine if due diligence was exercised by the movant, and will also test the credibility of the codefen-dant’s statements.
*186 After an evidentiary hearing, “[i]n determining whether the [newly discovered] evidence compels a new trial under [Jones I ], the trial court must ‘consider all newly discovered evidence which would be admissible,’ and must ‘evaluate the weight of both the newly discovered evidence and the evidence which was introduced at the trial.’” Rutherford v. State, 926 So.2d 1100, 1108 (Fla.2006) (bracketed material added) (quoting Jones I, 591 So.2d at 916). This determination includes
whether the evidence goes to the merits of the case or whether it constitutes impeachment evidence. The trial court should also determine whether the evidence is cumulative to other evidence in the case. The trial court should further consider the materiality and relevance of the evidence and any inconsistencies in the newly discovered evidence.
Tompkins v. State, 980 So.2d 451, 457 (Fla.2007) (quoting Jones II, 709 So.2d at 521).
The circuit court summarily denied Nor-delo’s claims, finding as a matter of fact in its order that the evidence was not newly discovered and that it could have been obtained earlier by due diligence. The order, on its face, did not hold that the motion was legally insufficient; and because the order directed the clerk “to attach all necessary record excerpts from the court file that support the Court’s ruling in this matter,” it is apparent that the ruling was more in the nature of a finding that the claims were conclusively refuted by the record. However, the record in this case shows no record attachments to the order.
When the district court affirmed the summary denial of Nordelo’s motion on appeal, it concluded that the motion was “legally insufficient.” Nordelo, 47 So.3d at 858. Notwithstanding that declaration, the district court proceeded to make its own assessment of the facts. For example, the district court stated:
The codefendant now claims in his affidavit that the reason he did not come forward with this information sooner is because he “was afraid that the Office of the State Attorney would take away [his] plea offer.” This is nonsensical: as the court had already accepted his plea, which required him neither to testify for the State nor to refrain from testifying for Nordelo, he could have come forward with this supposed information at any time, and the State would have had no discretion or authority to withdraw the plea offer or vacate the plea.
Id. at 857. The district court further concluded:
The codefendant’s affidavit cannot be deemed newly discovered evidence because it was either known to or easily discoverable by Nordelo and his counsel: the court allowed them both to speak with the codefendant after his plea was accepted and before Nordelo’s trial began. Put in the context of due diligence, if Nordelo had believed that he was innocent, then he would have had a reasonable basis for believing that his code-fendant would provide exculpatory testimony and would have sought to elicit such testimony. Indeed, the record is clear that neither side called the code-fendant as a witness.
Id. at 856-57.
We have repeatedly held that “where no evidentiary hearing is held below, [the appellate court] must accept the defendant’s factual allegations to the extent they are not refuted by the record.” Peede v. State, 748 So.2d 253, 257 (Fla.1999) (emphasis added). The district court misapplied this precedent when it failed to accept the factual allegations of the motion, including the affidavit, in determining if the motion was legally sufficient. In *187 spite of the fact that the record was not before either court, both courts proceeded to make factual determinations as a basis for summary denial of the motion. The district court’s ruling is based in part on a factual finding that the affidavit was known to or easily discoverable by Norde-lo’s counsel because he was allowed to speak with Lopez after the plea but prior to Nordelo’s trial. Nordelo, 47 So.3d at 856. The postconviction motion, however, alleges that Lopez did not admit that Nor-delo was not involved in the crime until 2007. And Lopez states in his affidavit, “I did not come forward with this information sooner.... I took the plea and then refused to testify.” Further, the State conceded in its brief in this Court and in its written response in the circuit court that “the content of any conversation that may have taken place prior to trial between the defendant’s counsel and Mr. Lopez would not be included in the record.” Thus, even if the record had been before the lower courts when they ruled, the record could not conclusively refute the claim that a meeting between Nordelo’s counsel and Lopez did not disclose his potential exculpatory testimony. Without an evidentiary hearing, the lower courts’ conclusions that Nordelo’s counsel was allowed to speak with Lopez prior to trial and therefore could have learned of this exculpatory testimony are simply speculation.
The district court also found it significant that neither side called Lopez to testify at trial, but the motion and affidavit clearly alleged that Lopez refused to testify. The district court further made credibility determinations concerning Lopez’s fear of losing his plea deal by noting that the State could not have reneged on the deal even if Lopez had testified for Norde-lo. Nordelo, 47 So.3d at 857. However, the terms of conversations between Norde-lo’s counsel and Lopez and the details of Lopez’s plea negotiations are not before the Court. Whether Lopez truly believed that he would lose his plea deal or was legally justified in that belief are not factual matters that can be determined from the affidavit alone.
In the instant case, the facts set forth in the motion and affidavit — that Nordelo did not participate in the crime with Lopez and that Lopez was afraid to come forward with the exculpatory testimony and refused to testify — are the type of facts which, if true, would subject the judgment to a legitimate collateral challenge. See Arbelaez, 775 So.2d at 915. Such evidence, if presented at trial, would have been important evidence for consideration by the jury, in part because the postconviction motion also alleged that the victim was knocked out at the time of the crime and was not asked to identify Nor-delo as the perpetrator until a month after the crime. When taken as true for purposes of evaluating the legal sufficiency of the motion, the factual allegations and Lopez’s proposed exculpatory testimony present a legally sufficient claim triggering an evidentiary hearing and were not conclusively refuted by the record. Only after holding an evidentiary hearing can the circuit court determine if the evidence is credible and newly discovered, and whether it would probably produce a different result on retrial — a separate issue requiring the circuit court to review the new evidence and the evidence that was presented at the original trial.
Accordingly, we agree with Nordelo that an evidentiary hearing was required on his claim of newly discovered evidence. The factual allegations in the Lopez affidavit that exculpate Nordelo must be tried and tested in an evidentiary hearing where they are subject to credibility determinations. Further, as part of the evidentiary hearing, “the trial judge should consider *188 all newly discovered evidence which would be admissible and determine whether such evidence, had it been introduced at the trial, would have probably resulted in an acquittal. In reaching this conclusion, the judge will necessarily have to evaluate the weight of both the newly discovered evidence and the evidence which was introduced at the trial.” Jones I, 591 So.2d at 916. For all the reasons set forth above, we must quash the decision of the district court and remand for an evidentiary hearing on the claims associated with the Angel Lopez affidavit.
CONCLUSION
Because the district court misapplied our precedent in affirming the trial court’s summary denial of an evidentiary hearing, we quash the decision of the Third District in Nordelo v. State, 47 So.3d 854 (Fla. 3d DCA 2010), and remand for further proceedings consistent with this decision.
It is so ordered.
CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, and PERRY, JJ., concur.

. Nordelo’s conviction was affirmed in Nordelo v. State, 603 So.2d 36 (Fla. 3d DCA 1992).

. On direct appeal, the Third District held that although the store clerk testified that he saw a white car leaving the scene of the *181 robbery, an officer’s testimony that on a separate occasion he arrested Nordelo for a traffic incident, during which Nordelo was driving a white car, was irrelevant. The court held that the testimony "does not tend to prove that defendant was the assailant.” Nordelo, 603 So.2d at 38. The court further held that even though the testimony was erroneously admitted, it was harmless beyond a reasonable doubt. Id.