# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D23-251
LT Case No. 00-12377 CFA

———————————————

T'SHUMBIE COLLINS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

———————————————

3.850 appeal from the Circuit Court for Duval
County. Mark Borello, Judge.

T'Shumbie A. Collins, Bowling Green, pro se.

No Appearance for Appellee.


September 1, 2023


PER CURIAM.

Appellant, T'Shumbie Collins, appeals the summary denial of his successive motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, which alleged newly discovered evidence. With his motion, Appellant provided an affidavit from a co-defendant who testified against him at trial. In the affidavit, the co-defendant recanted his testimony. The trial court summarily denied Appellant's motion because "the

recantation testimony is not of such a nature that it would probably render a different outcome on retrial." We affirm because the trial court correctly denied Appellant's motion but write to address Appellant's common, but misplaced, argument that he is entitled to an evidentiary hearing pursuant to the Florida Supreme Court's decision in *Nordelo v. State*, 93 So. 3d 178, 185 (Fla. 2012).

## Application of *Davis* and *Nordelo*

In situations involving alleged newly discovered evidence in the form of a recantation, it is generally recognized that an evidentiary hearing is required "to evaluate the veracity of the recanting witness." *Barros v. State*, 254 So. 3d 1186, 1187 (Fla. 5th DCA 2018). Two frequently cited decisions that discuss the requirements to obtain an evidentiary hearing are *Davis*[1] and *Nordelo*. Under the standard articulated in these cases, the trial court should hold an evidentiary hearing "unless the affidavit is inherently incredible or obviously immaterial to the verdict and sentence." *See Nordelo*, 93 So. 3d at 185 (quoting *Davis*, 26 So. 3d at 526).

In *Davis*, the supreme court analyzed the trial court's summary denial of a defendant's postconviction motion alleging newly discovered evidence. 26 So. 3d at 528. Discussing the probability prong of *Jones II*,[2] the court found that the trial court erred when it did not hold an evidentiary hearing based on the newly discovered evidence that the defendant never said he would "do away with" the victim. *Id.* at 529. In so doing, the court explained "[t]his statement was a significant piece of evidence directed to prove Davis's premeditation during the guilt phase and to support the imposition of an aggravating circumstance in the penalty phase." *Id.* at 529.

Despite this error, the court found an alternative basis for proper summary denial because "the recantation would not

---

[1] *See Davis v. State*, 26 So. 3d 519 (Fla. 2009).

[2] *See Jones v. State*, 709 So. 2d 512, 521 (Fla. 1998).

2

eliminate the other evidence supporting premeditation to commit the murder and the proportionality of the death sentence." *Id.* at 529. Specifically, the supreme court observed that "Davis's confession that he stabbed the victim with two different knives, coupled with the testimony of the medical examiner that the victim sustained stab wounds to the back, chest, and neck, support[ed] a finding of premeditated first-degree murder." *Id.* at 530. Accordingly, after considering this other evidence which supported premeditation and the aggravating circumstance during the penalty phase, the supreme court affirmed the summary denial "because the record conclusively demonstrate[d] that [the defendant was] not entitled to relief." *Id.* at 531.

*Nordelo*, decided three years after *Davis*, also dealt with a summarily denied postconviction motion alleging newly discovered evidence. 93 So. 3d at 180–81. However, the trial court in *Nordelo* did not attach anything from the record to its order. *Id.* at 181. As the supreme court noted, "for an appellate court '[t]o uphold the trial court's summary denial of claims raised in a 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record." *Id.* at 182 (alteration in original) (quoting *Peede v. State*, 748 So. 2d 253, 257 (Fla. 1999)). In affirming the trial court's summary denial, the Third District Court improperly made factual determinations regarding whether the claim was conclusively refuted without examining the record and "concluded that the motion was 'legally insufficient.'" *Id.* at 181, 186–87. Consequently, both lower courts "muddied the distinction between evaluation of the facial sufficiency of the motion and the subsequent task of determining if a facially sufficient motion is conclusively refuted by the record." *Id.* at 185. The lower courts' failure to review and attach the record required reversal and an evidentiary hearing. *Id.* at 187–88.

In this case, Appellant insists *Nordelo* requires an evidentiary hearing to weigh the newly discovered evidence against the evidence presented at trial. However, in light of the holding in *Davis*, we read *Nordelo* much more narrowly.[3] We

---

[3] We acknowledge that Appellant's reading of *Nordelo* finds some support in the language of the opinion. Perhaps most

3

interpret *Davis* as authorizing trial courts to weigh newly discovered evidence against the evidence presented at trial without an evidentiary hearing to the extent that the evidence at trial conclusively refutes the claim and, as acknowledged in *Nordelo*, the pertinent portions of the record are attached to the order. Given that the newly discovered evidence in *Davis* at least arguably weakened the State's case, it appears that the supreme court weighed the newly discovered evidence against the other

---

importantly, *Nordelo* remanded "for an evidentiary hearing" without an opportunity to attach portions of the record which conclusively refuted the claim. *Nordelo*, 93 So. 3d at 188. Although the supreme court reasoned that the unknown contents of a pretrial conversation with the co-defendant could not conclusively refute the claim, the court did not explain why it would be impossible for other portions of the record to conclusively refute the claim.

Similarly, even though *Nordelo* seems to be based on the trial court's failure to attach records, the opinion also conducts a thorough review of the entire process, including discussion regarding a court's evaluation of whether a motion is legally sufficient, a court's determination of whether the motion is refuted by the record, and the proper analysis after an evidentiary hearing is granted. However, much of this discussion is dicta.

Finally, both *Davis* and *Nordelo* state that "[t]he determination of whether the statements are true and meet the due diligence and probability prongs of *Jones II* usually requires an evidentiary hearing to evaluate credibility unless the affidavit is inherently incredible or obviously immaterial to the verdict and sentence." *Davis*, 26 So. 3d at 526; *Nordelo*, 93 So. 3d at 185. We need not determine exactly how often a newly discovered evidence claim will ultimately require an evidentiary hearing, but we cannot read this statement as broadly as Appellant.

4

evidence at trial and determined that the remaining evidence was strong enough to conclusively refute the claim.

In our view, *Nordelo* reversed the trial court's summary denial because the order failed to include record attachments conclusively refuting the newly discovered evidence claim. This interpretation finds direct support in the plain language of rule 3.850. When a legally sufficient motion is denied without a hearing "a copy of that portion of the files and records that conclusively shows that the defendant is entitled to no relief *shall be attached* to the final order." Fla. R. Crim. P. 3.850(f)(5) (emphasis added).[4] As such, there was nothing for the lower courts in *Nordelo* to weigh against the newly discovered evidence.

Thus, summary denial is appropriate where a legally sufficient motion is conclusively refuted by the record, provided that the court reviews the record and attaches relevant portions of the record to its order. *See* Fla. R. Crim. P. 3.850(f)(5); *see also Hamilton v. State*, 875 So. 2d 586, 591 (Fla. 2004) ("[A] defendant is entitled to an evidentiary hearing on a postconviction relief motion unless (1) the motion, files, and records in the case conclusively show that the prisoner is entitled to no relief, or (2) the motion or a particular claim is legally insufficient." (alteration in original) (quoting *Freeman v. State*, 761 So. 2d 1055, 1061 (Fla. 2000))).

## Conclusion

Because the trial court accepted the allegations in Appellant's motion and affidavit as true to the extent they were not refuted in the record, and attached multiple exhibits to its order, including trial transcripts that conclusively refute the claim made in the affidavit provided with the motion, summary denial was appropriate.

AFFIRMED.

---

[4] Subdivision (f) existed as subdivision (d) prior to its redesignation in 2013. *See In re Amends to Fla. R. Crim. P. & Fla. R. App. P.*, 132 So. 3d 734, 738 (Fla. 2013).

EDWARDS, C.J., EISNAUGLE, and KILBANE, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____