PER CURIAM.
Joseph Lamar appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Lamar was convicted of second-degree murder and sentenced to twenty-five years’ prison in 1993. His conviction and sentence were affirmed on direct appeal in 1995. See Lamar v. State, 656 So.2d 158 (Fla. 2d DCA 1995). He filed the instant motion in 1999, alleging newly discovered evidence. We reverse and remand for an evidentiary hearing.
Lamar alleges as newly discovered evidence the sworn affidavit of a person who states that he witnessed the shooting for which Lamar was convicted and who identifies a named third party as the actual perpetrator. The trial court denied the motion stating that the evidence was impeachment evidence which was cumulative of the impeachment evidence presented at trial. We first note that the evidence alleged by Lamar is direct evidence that someone else committed the crime for which he has been convicted and not impeachment evidence as suggested by the trial court. We next note that the trial court’s conclusion that the only eyewitnesses to the crime were “substantially impeached” at trial weighs in favor of granting relief rather than denying relief. This is particularly true in a case such as this where there was apparently no other evidence linking Lamar to the crime.
We conclude that Lamar has made a facially sufficient claim that the newly discovered evidence would probably result in a different verdict on retrial, see Jones v. State, 709 So.2d 512 (Fla.1998), which the trial court has not conclusively refuted. We therefore reverse and remand for an evidentiary hearing. On remand the trial court should first consider whether the evidence in this ease qualifies as newly discovered evidence[1] and then evaluate it based on the factors suggested by the supreme court in Jones.
Reversed and remanded.
BLUE, A.C.J., and FULMER and STRINGER, JJ., Concur.

. To qualify as newly discovered evidence, the evidence must have been unknown by the trial court, the defendant, or counsel at the time of trial, and it must appear that the defendant or his counsel could not have known of it by use of due diligence. See Jones v. State, 709 So.2d 512, 521 (Fla.1998). The trial court did not address this issue in its order. Although we believe that Lamar has made a facially sufficient claim that the evidence is newly discovered, it is possible that this could be refuted at an evidentiary hearing.