KLEIN, J.
Defendant moved for post-conviction relief based on newly discovered evidence in the form of an affidavit of a participant in the robbery for which defendant was convicted. Although the affidavit does satisfy the first requirement for newly discovered evidence, that it could not have been known by the use of diligence at the time of the trial, the trial court summarily denied the motion on the ground that it was inherently incredible. We affirm.
Defendant was charged, along with co-defendants Smith and Jackson, with robbery with a firearm, and found guilty. Jackson, who signed the affidavit in this case, had been at large prior to trial and unavailable. After the trial, Jackson was found and pleaded guilty.
In his affidavit, on which defendant’s motion was based, Jackson stated that he participated in the robbery with Smith and a third person, that after the robbery Jackson gave defendant some of the money from the robbery to repay a debt, and that Jackson hid a weapon used in the robbery in a bedroom of defendant’s home without defendant’s knowledge. Defendant, according to Jackson, had no knowledge of the robbery.
The state conceded that the affidavit was newly discovered evidence, because Jackson had not been found before the trial, but contended that it was so inherently incredible that there was no probability that it could produce an acquittal on retrial. Jones v. State, 591 So.2d 911 (Fla.1991).
Jackson’s affidavit was in direct contradiction of Jackson’s statements under oath at his plea hearing, when he informed the court about defendant’s participation in the robbery, defendant’s shooting the victim, defendant’s escaping with Jackson in the get-away car, and defendant’s sharing the proceeds of the robbery with Jackson. In addition, several witnesses, including some of defendant’s relatives, identified defendant as the participant in the robbery, as having possession of the proceeds, and as possessing the weapon used in the robbery.
In McLin v. State, 827 So.2d 948 (Fla.2002), our supreme court held that an evi-dentiary hearing is required on a claim of newly discovered evidence, based on the recantation of trial testimony, unless the sworn allegations are either conclusively refuted by the record or, on their face, are inherently incredible. We conclude that the trial court was correct in determining that Jackson’s affidavit was inherently incredible and that no evidentiary hearing was necessary. Taylor v. State, 877 So.2d 842 (Fla. 3d DCA 2004); Johnson v. State, 844 So.2d 775 (Fla. 3d DCA 2003).

Affirmed.

SHAHOOD and TAYLOR, JJ., concur.