956 So.2d 1219 (2007)
Edward G. ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-3944.
District Court of Appeal of Florida, Second District.
May 23, 2007.
*1220 SILBERMAN, Judge.
Edward G. Robinson appeals the summary denial of his February 2006 motion for postconviction relief that he filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for further proceedings because the documents attached to the postconviction court's order do not conclusively refute Robinson's claim.
Robinson sought relief based on a claim of newly discovered evidence. He alleged that a prison inmate had recently admitted to committing the crimes for which Robinson is in prison. He attached to his motion an affidavit of the other inmate containing the purported admission.
The postconviction court ordered the State to respond to Robinson's motion. The State argued that Robinson had filed a prior postconviction motion raising other claims, which resulted in an evidentiary hearing. The State contended that the judge who conducted the earlier hearing denied relief after considering trial testimony that identified Robinson as the perpetrator of the crimes. The State asserted that in light of the result of the prior proceeding, Robinson's motion should be denied because the prison inmate's admission would not likely produce an acquittal at any retrial. The State attached to its response excerpts from a 1996 postconviction hearing, consisting solely of the prosecutor's argument as to the identification evidence that had been presented at trial and the presiding judge's comments regarding that testimony in relation to the issues then before the court.
Based on the State's response, the postconviction court denied Robinson's current motion. In its order, the court referred to the earlier postconviction hearing and what it understood had been the "overwhelming evidence" presented at trial that identified Robinson as the perpetrator. The court attached the 1996 transcript excerpts to its order but did not attach any trial transcripts. Further, it appears that the court did not review the trial transcripts.
Although the excerpts from the 1996 hearing describe identification evidence that had been presented at Robinson's trial, the issues considered at the 1996 hearing differ significantly from the issue now presented by Robinson. Most notably, the 1996 hearing did not involve an evaluation of the admission now relied on by Robinson in relation to the trial evidence. Because the documents attached to the postconviction court's order do not conclusively establish that the inmate's purported admission was not likely to produce an acquittal on retrial and do not otherwise conclusively refute Robinson's claim, we reverse and remand for further proceedings. See Kendrick v. State, 708 So.2d 1011, 1012-13 (Fla. 4th DCA 1998). On remand, the postconviction court must reconsider Robinson's motion and either attach those portions of the record that conclusively refute his claim or conduct an evidentiary hearing to resolve the claim.
Reversed and remanded.
DAVIS and WALLACE, JJ., Concur.