PER CURIAM.
 

 This case is before the Court on appeal from an order under Florida Rule of Criminal Procedure 3.851 denying a successive motion to vacate a judgment of conviction of first-degree murder and a sentence of death. Because the order concerns post-conviction relief from a capital conviction for which a sentence of death was imposed, this Court has jurisdiction of the appeal under article V, section 3(b)(1), Florida Constitution. For the reasons explained below, we affirm the trial court’s order denying relief.
 

 I. FACTS AND PROCEDURAL HISTORY
 

 Anthony Floyd Wainwright was convicted of first-degree murder, robbery, kidnapping, and sexual battery in relation to the murder of Carmen Gayheart. After a unanimous jury recommendation, the trial court sentenced Wainwright to death. On direct appeal, this Court affirmed Wainwright’s convictions and death sentence and set out in detail the factual background and procedural history of the case.
 
 Wainwright v. State,
 
 704 So.2d 511 (Fla.1997). After his conviction and sentence of death were final, Wainwright filed an initial motion for postconviction relief and a petition for a writ of habeas corpus, each raising several issues. This Court affirmed the trial court’s denial of the initial postconviction motion and denied the habe-as petition.
 
 Wainwright v. State,
 
 896 So.2d 695 (Fla.2004).
 

 On July 16, 2007, Wainwright filed a successive motion for postconviction relief, raising a newly discovered evidence claim.
 
 [1]
 
 Wainwright alleged that in a written statement his codefendant Richard
 
 *950
 
 Hamilton asserted that “Wainwright was not involved in any manner of [sic] the sexual assault committed upon the victim in this case.” In his statement, Hamilton explained that he came forward because “I do not feel comfortable with [Wainwright] being convicted with this felony when [I] was the sole perpetrator, nor do [I] feel justice is served by allowing this felony to exist against him when it is false.”
 

 The postconviction trial court summarily denied Wainwright’s newly discovered evidence claim. The trial court found that Wainwright failed to state a legally sufficient claim because his motion failed to set forth any explanation as to why Hamilton’s admission could not have been raised in a prior proceeding.
 
 State v. Wainwright,
 
 No. 94-150-CF-2 (Fla.3d Cir. order filed Sept. 20, 2007) (Postconviction Order) at 4. The trial court also rejected Wainwright’s claim on the merits. The trial court found that, accepting Hamilton’s statement as true, there was no reasonable probability of an acquittal or life sentence on retrial because the evidence in the record overwhelmingly supported Wainwright’s convictions and the aggravating factors.
 
 Id.
 
 at 11, 14. Wainwright challenges this summary denial on appeal.
 

 II. ANALYSIS
 

 This Court reviews a summary denial on the pleadings de novo and “must accept all allegations in the motion as true to the extent they are not conclusively rebutted by the record.”
 
 Rutherford v. State,
 
 926 So.2d 1100, 1108 (Fla.2006) (quoting
 
 Hodges v. State,
 
 885 So.2d 338, 355 (Fla.2004));
 
 see also Van Poyck v. State,
 
 961 So.2d 220, 224 (Fla.2007). In determining whether the evidence compels a new trial, the trial court must “consider all newly discovered evidence which would be admissible” and must “evaluate the weight of both the newly discovered evidence and the evidence which was introduced at the trial.”
 
 Jones v. State,
 
 591 So.2d 911, 916 (Fla.1991)
 
 (Jones I).
 

 We agree with the trial court that given the totality of the evidence in this ease, the allegedly newly discovered statement does not “give rise to a reasonable doubt as to [Wainwright’s] culpability,”
 
 Jones v. State,
 
 709 So.2d 512, 526 (Fla.1998)
 
 (Jones II)
 
 (quoting
 
 Jones v. State,
 
 678 So.2d 309, 315 (Fla.1996)), and that it would not probably yield a less severe sentence on retrial,
 
 Jones I,
 
 591 So.2d at 915. We therefore hold that the trial court correctly determined that Wainwright is not entitled to relief.
 

 First, we agree with the trial court that assuming Hamilton would testify consistently with his written statement on retrial, his statement and testimony would not probably result in a jury acquitting Wainwright of sexual battery or first-degree murder. At trial, Hamilton County Sheriff James Harrell Reid testified that Wainwright confessed that he raped the victim. Reid testified that Wainwright “stated that after they had gotten off the interstate and found this wooded area, the area which he described as the murder scene ... that he made Ms. Gayheart get into the very back of the Bronco, and that back there he raped her and had sex with her.” In addition, Gary Gunter, a prisoner housed with Wainwright in the Taylor County Jail testified that Wainwright told him “they took her down a dirt road and both of them had sex with her.” The State also admitted DNA evidence consistent with Wainwright having sexually battered the victim. Specifically, DNA testing determined that a semen stain found on the rear seat cover of the victim’s Bronco matched Wainwright, and the stain included an epithelial (skin cell) fraction consistent with the victim. Given Wainwright’s admissions and the DNA evidence, Hamil
 
 *951
 
 ton’s statement would not probably produce an acquittal of sexual battery on retrial.
 
 [2]
 

 Hamilton’s statement likewise does not raise reasonable doubt about Wainwright’s culpability for first-degree murder under either a felony murder or a premeditated murder theory. The conviction for first-degree murder under the felony murder theory is supported by not only the conviction for sexual battery but also Wainwright’s convictions for armed robbery and armed kidnapping. Both are qualifying felonies under the felony murder statute. § 782.04(l)(a)(2)(d), (l)(a)(2)(f), Fla. Stat. (1993). Furthermore, Hamilton’s recent assertion that Wainwright did not rape Gayheart does not weaken the more than sufficient evidence of premeditation present in this case. For example, Sheriff Reid testified that Wainwright told Reid that he and Hamilton threw the victim’s jewelry out of the vehicle prior to the murder because they “had already planned to kill her, and [they] didn’t want any articles of jewelry to be found on her body.” Robert Allen Murphy, a fellow Taylor County prisoner, testified that Wainwright told him that he tried to strangle the victim, but she would not die, so he shot her in the back of the head twice. Finally, we note that in finding the cold, calculated, and premeditated aggravating factor (CCP), which requires proof of heightened premeditation, the sentencing court did not rely on the sexual battery to support its finding. For all of these reasons, the trial court properly found that Hamilton’s statement would not probably produce an acquittal of first-degree murder on retrial.
 

 Second, we agree with the trial court that on this record, Hamilton’s statement does not undermine or invalidate the committed in the course of a felony and heinous, atrocious, or cruel (HAC) aggravating factors. The sentencing court found the committed in the course of a felony aggravating factor applicable based on Wainwright’s convictions of armed robbery, armed kidnapping, and armed sexual battery. Thus, regardless of whether Wainwright would be convicted of sexual battery in a retrial, this aggravator would still be supported by the two other felony convictions. In finding the HAC aggravating factor applicable, the sentencing court considered that both defendants raped the victim. However, as the postconviction trial court found in rejecting Wainwright’s claim, it also considered numerous other factors: (1) the victim pondered her fate for one and one-quarter to one and one-half hours; (2) Hamilton sexually battered the victim while Wainwright drove; (3) the victim cried and asked to be released; (4) Wainwright strangled the victim, taking at least thirty seconds to render her unconscious; (5) the victim resisted her death, causing Wainwright to describe her as
 
 *952
 
 “like a puppy” hit in the head; and (6) the victim endured thirty minutes of terror at the murder site before her murder. Post-conviction Order at 12. The trial court did not err in concluding that evidence of strangulation alone may be sufficient to support the HAC aggravator. “[T]his Court has consistently upheld the HAC aggravator in cases where a conscious victim was strangled.”
 
 Bowles v. State,
 
 804 So.2d 1173, 1178 (Fla.2001). Given that Gayheart was strangled and shot after an extended period of terrorization, Hamilton’s statement that Wainwright did not rape Gayheart is not likely to invalidate the HAC aggravating factor or yield a less severe sentence on retrial.
 

 III. CONCLUSION
 

 In conclusion, given the totality of the evidence, Hamilton’s statement would not raise reasonable doubt about the convictions or undermine any of the six aggrava-tors found in this case. While Hamilton’s statement asserts that Wainwright did not personally participate in the sexual battery, the evidence as a whole demonstrates that Wainwright was a full and willing participant in the remainder of the criminal events leading to Gayheart’s murder. Therefore, there is no probability that Hamilton’s statement would produce an acquittal or life sentence on retrial.
 
 See Van Poyck,
 
 961 So.2d at 226 (affirming summary denial of newly discovered evidence claim where testimony would not have created reasonable probability of a lesser sentence);
 
 Rutherford v. State,
 
 940 So.2d 1112, 1121 (Fla.2006) (affirming summary denial of newly discovered evidence claim where there was no probability that evidence would result in life sentence on retrial). Accordingly, we affirm the trial court’s order summarily denying Wainwright’s successive motion for postconviction relief.
 

 It is so ordered.
 

 QUINCE, C.J., and WELLS, ANSTEAD, PARIENTE, LEWIS, and CANADY, JJ., concur.
 

 POLSTON, J., did not participate.
 

 [1]
 

 . To obtain a new trial based on newly discovered evidence, a defendant must meet two requirements: First, the evidence must not have been known by the trial court, the party, or counsel at the time of trial, and it must appear that the defendant or defense counsel could not have known of it by the use of diligence. Second, the newly discovered evidence must be of such nature that it would probably produce an acquittal on retrial.
 
 See Jones v. State,
 
 709 So.2d 512, 521 (Fla.1998)
 
 (Tones II).
 
 Newly discovered evidence satisfies the second prong of the
 
 Jones II
 
 test if it "weakens the case against [the defendant] so as to give rise to a reasonable doubt as to his culpability.”
 
 Jones II,
 
 709 So.2d at 526 (quoting
 
 Jones v. State,
 
 678 So.2d 309, 315 (Fla.1996)). If the defendant is seeking to vacate a sentence, the second prong requires that the newly discovered evidence would probably yield a less severe sentence.
 
 See Jones v. State,
 
 591 So.2d 911, 915 (Fla.1991)
 
 (Iones
 
 I).
 

 [2]
 

 . We also agree with the trial court’s conclusion that Wainwright would be convicted of sexual battery as a principal were the jury to believe that Wainwright did not personally sexually batter Gayheart. § 777.011, Fla. Stat. (1993) ("Whoever commits any criminal offense against the state ... or aids, abets, counsels, hires, or otherwise procures such offense to be committed, and such offense is committed or is attempted to be committed, is a principal in the first degree and may be charged, convicted, and punished as such....”). Lieutenant Mallory Daniels, an investigator with the Hamilton County Sheriffs Office, testified that Wainwright gave a statement to law enforcement officers admitting that he drove the victim's vehicle while Hamilton raped her. Wainwright’s actions facilitating Hamilton’s sexual assault establish that Wainwright is guilty as a principal of sexual battery.
 
 See State v. Williams,
 
 637 So.2d 45, 46 (Fla. 2d DCA 1994) (affirming defendant’s conviction as principal for sexual battery with deadly weapon where he drove while codefendant holding gun forced victim to perform oral sex and raped her).