WETHERELL, J.
 

 Appellant appeals the trial court’s denial of his successive rule 3.850 motion. We affirm.
 

 After a jury trial, Appellant was convicted of second-degree murder and sentenced to life in prison. The judgment and sentence were affirmed on appeal,
 
 see Rozzelle v. State,
 
 773 So.2d 543 (Fla. 1st DCA 2000) (table), and Appellant’s conviction became final on January 3, 2001, when the mandate issued.
 

 Appellant filed several prior post-conviction motions, which were denied by the trial court and affirmed on appeal.
 
 See Rozzelle v. McDonough,
 
 961 So.2d 940 (Fla. 1st DCA 2007) (table);
 
 Rozzelle v. State,
 
 906 So.2d 1064 (Fla. 1st DCA 2005) (table);
 
 Rozelle v. State,
 
 852 So.2d 239 (Fla. 1st DCA 2003) (table). Appellant argued in his current motion that he is entitled to a new trial because the trial court fundamentally erred when it gave the standard jury instruction for manslaughter by act as a lesser included offense of second-degree murder.
 

 We held in
 
 Montgomery v. State,
 
 — So.3d -, -, 2009 WL 350624 (Fla. 1st DCA 2009),
 
 review granted,
 
 11 So.3d 943 (Fla.2009), that the standard jury instruction for manslaughter by act improperly implies an “intent to kill” element, and that giving the instruction for manslaughter as a lesser-included offense of second-degree murder constitutes fundamental error because “the jury was prevented from returning a verdict for manslaughter, even though, through its verdict of second-degree murder, it found that Appellant did not intend to kill the victim.” However, Appellant is not entitled to post-conviction relief based upon
 
 Montgomery
 
 because our holding in that case does not apply retroactively to cases, such as Appellant’s, that were final before the decision was issued.
 
 See Reed v. State,
 
 837 So.2d 366, 370 (Fla.2002) (refusing to retroactively apply decision finding standard jury instruction to be fundamentally erroneous);
 
 Smith v. State,
 
 598 So.2d 1063, 1066 n. 5 (Fla.1992). Accordingly, we affirm the trial court’s denial of Appellant’s rule 3.850 motion.
 

 AFFIRMED.
 

 KAHN and LEWIS, JJ., concur.