DAVIS, Judge.
 

 Tony Smith challenges the summary denial of his motion for postconviction relief based on a claim of newly discovered evidence filed pursuant to Florida Rule of Criminal Procedure 8.850. Because his motion is facially sufficient and the attached portions of the record do not refute his claim, we reverse.
 

 Smith was convicted on December 17, 2002, after a jury found him guilty of selling cocaine within 1000 feet of a school or church. He was sentenced to twenty-five years’ prison with a three-year minimum mandatory. His charges arose from a drug buy wherein Smith was alleged to have sold cocaine to an undercover officer who was driving a truck through a neighborhood looking for someone willing to sell him drugs. Other officers were hiding in the bed of the truck, under a covering of palm fronds, waiting to effectuate an arrest upon a successful purchase. After the driver made the purchase, he provided the hidden officers a description of the suspect, and they immediately pursued the person they thought to be the seller. They subsequently arrested Smith and charged him as the person who sold the drugs.
 

 Smith’s rule 3.850 motion alleges newly discovered evidence in the form of a sworn affidavit from Edward Drummond by which Drummond admits that he sold the cocaine to the officer and that Smith was not involved. Smith claims that the evidence was unknown at the time of trial and that he could not previously have learned of the affidavit through the exercise of due diligence. He also claims that the affidavit is likely to produce an acquittal on retrial. The postconviction court denied the claims, wholly adopting the State’s response and record attachments.
 

 Smith claims that it was error for the postconviction court to wholly adopt the State’s response and attachments and that it also was error to deny his claim without an evidentiary hearing because it is not refuted by the record. In summarily denying a postconviction motion, a court may adopt the response and record attachments provided by the State.
 
 See Barnes v. State,
 
 38 So.3d 218 (Fla. 2d DCA 2010). However, the record attachments provided by the State and adopted by the postcon-viction court here do not refute Smith’s claim.
 

 The issue before the postconviction court was whether the record attachments provided by the State conclusively refuted Smith’s claim that the newly discovered confession by Drummond would
 
 *463
 
 weaken the case against Smith and give rise to a reasonable doubt as to his guilt.
 

 To obtain a new trial based on newly discovered evidence ... [f]irst, the evidence must not have been known by the trial court, the party, or counsel at the time of trial, and it must appear that the defendant or defense counsel could not have known of it by the use of diligence. Second, the newly discovered evidence must be of such nature that it would probably produce an acquittal on retrial. Newly discovered evidence satisfies the second prong of the ... test if it weakens the case against [the defendant] so as to give rise to a reasonable doubt as to his culpability.
 

 Wainwright v. State,
 
 2 So.3d 948, 950 n. 1 (Fla.2008) (second alteration in original) (citation and internal quotation marks omitted).
 

 In his postconviction motion, Smith alleged that the detectives who made the actual arrest did not see the person who made the sale and could provide no more than a general description of the suspect they were told to arrest. Furthermore, he alleged that the detectives’ attempts to provide greater detail resulted in conflicting testimony and that the description was a better match to Drummond than Smith.
 

 In summarily denying Smith’s motion, the postconviction court attached the officers’ trial testimony, which indicated that the officer who bought the cocaine maintained visual contact with the suspect until he gave a signal to the hidden officers, who then jumped from the truck bed and gave chase. The actual apprehension and arrest occurred out of sight of the officer who bought the cocaine, but that officer identified Smith as the seller once Smith was apprehended. Although the officers testified about the presence of others in the area during the sale and arrest, they were never specifically asked about Drum-mond, and we are unable to ascertain from the limited record available whether there was any physical evidence linking Smith to the crime other than the officers’ testimony. At trial, Smith presented a defense of mistaken identity and testified that Drum-mond was running next to him and wearing similar clothing.
 

 The attached records do not conclusively refute Smith’s claim that he could not have learned of the confession sooner and do not show that this confession would be unlikely to - produce an acquittal on retrial.
 
 See Robinson v. State,
 
 956 So.2d 1219, 1220 (Fla. 2d DCA 2007). It appears from the record provided that the crucial evidence implicating Smith was the identification by the officer who made the purchase. Drummond’s confession would have supported Smith’s assertion at trial that the officers chased the wrong person, leading to a credibility issue for the jury to weigh. We reverse the postconviction court’s order finding that the confession would not have created reasonable doubt of Smith’s culpability because the limited record provided by the State and incorporated by the postconviction court does not address the impact, if any, the confession would have had on the jury weighing the reliability of the officers’ identification. On remand the postconviction court can either attach portions of the record that do conclusively refute Smith’s claim or conduct an evidentiary hearing to address the reliability of Drummond’s confession and the likelihood that his testimony would have produced a different outcome at trial.
 
 See Smith v. State,
 
 931 So.2d 790, 802-08 (Fla.2006).
 

 Reversed and remanded.
 

 CASANUEVA, C.J., and CRENSHAW, J., Concur.