PER CURIAM.
David Harrieharan appeals an order denying his postconviction motion after an evidentiary hearing. We affirm as to all issues and write only to address Harri-charan’s argument that the case should be remanded so that he can amend his post-conviction motion to include a claim of fundamental error based upon State v. Montgomery, 39 So.3d 252 (Fla.2010) (holding that the standard manslaughter by act jury instruction’s second element— that the defendant “intentionally caused the death of (victim)” — erroneously required the jury to find proof that the defendant intended to kill the victim in order to find him guilty of that crime).
With respect to this claim, we conclude that Montgomery does not apply to cases such as Harricharan’s, which were final before Montgomery was decided. See, e.g., Reed v. State, 837 So.2d 366, 370 (Fla.2002) (finding fundamental error in giving of standard jury instruction for aggravated child abuse, but applying holding only to “cases pending on direct review or not yet final.”); Smith v. State, 598 So.2d 1063, 1066 (Fla.1992) (“[W]e hold that any decision of this Court announcing a new rule of law, or merely applying an established rule of law to- a new or different factual situation, must be given retrospective application by the courts of this state in every case pending on direct review or not yet final- To benefit from the change in law, the defendant must have timely objected at trial if an objection was required to preserve the issue for appellate review.”) (citations omitted); see also, Rozzelle v. State, 29 So.3d 1141 (Fla. 1st DCA 2009) (holding that First District’s decision in Montgomery v. State, — So.3d -, 2009 WL 350624 (Fla. 1st DCA 2009), which was approved in the Supreme Court’s Montgomery opinion, did not apply retroactively to cases that were final before the decision was issued).
AFFIRMED.
GRIFFIN, SAWAYA, and LAWSON, JJ., concur.