74 So.3d 184 (2011)
Terry Lee COLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D10-4330.
District Court of Appeal of Florida, Second District.
November 18, 2011.
Terry Lee Coley, pro se.
DAVIS, Judge.
Terry Lee Coley challenges the summary denial of his motion for postconviction relief based on a claim of newly discovered evidence filed pursuant to Florida Rule of Criminal Procedure 3.850. Because his motion is facially sufficient and the attached portions of the record do not refute his claim, we reverse.
On March 3, 1999, a jury convicted Coley of one count of aggravated battery with great bodily harm for shooting Linda Watson. The trial court sentenced him to fifteen years in prison. On January 6, 2009, Coley filed a motion pursuant to rule 3.850(b)(1), alleging a claim of newly discovered evidence in the form of a new witness, Melvin Gay, who would testify that Derek McNeal actually shot the victim. Coley attached Gay's sworn affidavit in support of this claim and alleged that Gay was unknown as a witness at the time of trial and that he could not previously have learned of Gay through the exercise of due diligence. Coley also claimed that Gay's testimony would likely produce an acquittal on retrial.
*185 The postconviction court denied Coley's claim, finding that Gay could have been located sooner through the exercise of due diligence and that the testimony was incredible based on its inconsistencies with the trial testimony of other eye witnesses.
To obtain a new trial based on newly discovered evidence, a defendant must meet two requirements. First, the evidence must not have been known by the trial court, the party, or counsel at the time of trial, and it must appear that the defendant or defense counsel could not have known of it by the use of diligence. Second, the newly discovered evidence must be of such nature that it would probably produce an acquittal on retrial. Newly discovered evidence satisfies the second prong of the ... test if it "weakens the case against [the defendant] so as to give rise to a reasonable doubt as to his culpability."
Preston v. State, 970 So.2d 789, 797 (Fla. 2007) (bracket alteration in original) (citation omitted) (quoting Jones v. State, 709 So.2d 512, 521 (Fla.1998)).
The attached records do not conclusively refute Coley's claim that he could not have learned of this witness sooner, nor do they conclusively show that this testimony would be unlikely to produce an acquittal on retrial. See Smith v. State, 39 So.3d 461, 463 (Fla. 2d DCA 2010). It appears from the record provided that the crucial evidence implicating Coley was the identification of him as the shooter by three State witnesses. Gay's testimony would have supported Coley's assertion at trial that the State's witnesses identified the wrong person. Nothing in the attached portions of the trial record would conclusively refute Gay's assertion that he was present but hidden at the time of the shooting. Furthermore, while Gay's credibility may be called into question based on conflict with testimony adduced at trial, such conflict is necessarily an evidentiary matter that must be weighed after a hearing and is not proper grounds for denial at the summary stage of the proceeding. See McLin v. State, 827 So.2d 948, 955 (Fla. 2002) (holding that trial court erred in rejecting newly discovered testimony without evidentiary hearing when affidavit was not inherently incredible or obviously immaterial to defendant's claim).
We therefore reverse the postconviction court's order summarily denying Coley's rule 3.850 motion. On remand the postconviction court should either summarily deny the motion attaching those portions of the record that conclusively refute Coley's claim or conduct an evidentiary hearing to address the reliability of Gay's testimony and the likelihood that his testimony would have produced a different outcome at trial. Id.
Reversed and remanded for further proceedings.
KELLY, J., Concurs.
ALTENBERND, J. Concurs with opinion.
ALTENBERND, Judge, Concurring.
I fully concur in the court's opinion. This is one of those postconviction cases in which the defendant happens by odd coincidence to find a very favorable witness, who just happens to be serving time in the same prison where he is serving his sentence. Although the witness, Mr. Gay, did not come forward in 1998, he was willing to provide his testimony under oath in 2008.
Given that improbable events occur in our lives with some frequency, we cannot reject this claim as a matter of law. In the event that the trial court concludes *186 after an evidentiary hearing that the improbability of these events is not generated by coincidence, but rather by perjury, the trial court will have options available to it that should be sufficient to address its concerns.