PER CURIAM.
We affirm the circuit court’s denial of the defendant’s motion for postconviction relief primarily seeking to apply retroactively State v. Montgomery, 39 So.3d 252, 257-58 (Fla.2010) (standard jury instruction on manslaughter, which required the jury to find that the defendant intended to kill the victim, constituted fundamental error). We already have held that Montgomery “does not apply retroactively to convictions which were final before our supreme court issued that decision.” Ross v. State, 82 So.3d 975, 976 (Fla. 4th DCA 2011). Our sister courts have held likewise. Harricharan v. State, 59 So.3d 1162, 1163 (Fla. 5th DCA 2011), rev. denied, 92 So.3d 213 (Fla.2012) (table); Rozzelle v. State, 29 So.3d 1141, 1142 (Fla. 1st DCA 2009), rev. denied, 92 So.3d 214 (Fla.2012) (table). Further, Montgomery does not apply substantively here because the defendant was convicted of first-degree murder, an offense two steps removed from the lesser-included offense of voluntary manslaughter. Montgomery, 39 So.3d at 259; Joseph v. State, 42 So.3d 323, 324-25 (Fla. 4th DCA 2010).
The circuit court did not address appellant’s second claim which alleged ineffective assistance of counsel. This claim is procedurally barred as untimely and successive. Fla.Crim. P. 3.850(b); Fla. R.Crim. P. 3.850(f).

Affirmed.

POLEN, DAMOORGIAN and GERBER, JJ., concur.