PER CURIAM.
Appellant, Jimmy Simpson, appeals the trial court’s order summarily denying his motion for post-conviction relief which claimed newly discovered evidence pursuant to Florida Rule of Criminal Procedure 3.850(b)(1). After considering the State’s response, we reverse and remand with directions to grant Simpson an evidentiary hearing on this claim. Fla. R.App. P. 9.141(b)(2)(D) (“On appeal from the denial of [postconviction] relief, unless the record *1259 shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief’).
Simpson was convicted of first degree murder in the shooting death of the victim, which occurred on May 14, 1996 in Hollywood, Florida. His conviction and sentence were per curiam affirmed in Simpson v. State, 724 So.2d 709 (Fla. 4th DCA 1999). He filed a motion for post-conviction relief on February 12, 2011, based on a claim of newly discovered evidence, which consisted of an affidavit from C.J., a Florida prison inmate.[1] In this affidavit, C.J. claimed that on the day the victim was shot, C.J. was visiting his stepsister in the area of the shooting when he saw two men fire shots towards the victim’s residence. According to C.J., neither gunman was Simpson, whom C.J. claimed to have known prior to May 1996.
After the State filed its response the trial court summarily denied the motion, concluding that CJ.’s affidavit was “inherently incredible,” and hence probably would not produce an acquittal on retrial. Andrews v. State, 919 So.2d 552, 553 (Fla. 4th DCA 2005); Taylor v. State, 877 So.2d 842, 843 (Fla. 3d DCA 2004). This appeal follows.
Nordelo v. State, 93 So.3d 178 (Fla.2012), and McLin v. State, 827 So.2d 948 (Fla.2002), spell out the legal standards governing review of a claim for post-conviction relief based on newly discovered evidence in the form of eyewitness testimony. First, the decision to grant or deny an evidentiary hearing is subject to de novo review because this matter is ultimately based on review of written documents (here, an affidavit and trial transcripts), making the trial court’s ruling a pure question of law. Nordelo, 93 So.3d at 184 (citation omitted). Second, to uphold summary denial of a Rule 3.850 motion, the claims made must either be found facially invalid as a matter of law or be conclusively refuted by the record. McLin, 827 So.2d at 954. In undertaking this review, the factual allegations of the motion must be accepted as true unless refuted by the record. Nordelo, 93 So.3d at 184 (citations omitted); McLin, 827 So.2d at 956.
Here, Simpson submitted an affidavit from a purported eyewitness to the murder for which Simpson stands convicted; the contents of the affidavit state unequivocally that the witness was able to view the two gunman involved, and that Simpson was not one of these men. Since identification is always an issue in a criminal prosecution, Ponsell v. State, 393 So.2d 635, 636 (Fla. 4th DCA 1981), the evidence produced by Simpson is material and thus presumptively admissible at retrial. Robinson v. State, 736 So.2d 93, 93 (Fla. 4th DCA 1999).
The trial court’s order summarily denying Simpson’s motion relied on cases upholding denial of a newly discovered evidence claim where the evidence is characterized as “inherently incredible,” a term first used in this Court’s Robinson decision, then cited without further explanation in McLin as a basis for summary denial of a rule 3.850 motion. 827 So.2d at 955.
In Andrews, the terminology was accepted where an exculpatory affidavit from a co-defendant in that case was contradicted by the witness having inculpated Andrews in a plea colloquy involving the co-defendant’s own case, as well as by eyewit *1260 ness identification testimony from Andrews’ own relatives. 919 So.2d at 553. In Taylor, the prisoner affidavit provided by Taylor as newly discovered evidence asserted that the other perpetrators in that case wore ski masks during the crimes charged, which conflicted with other eyewitness testimony in the case. 877 So.2d at 843. In this case, the affidavit from C.J. declaring Simpson was not one of the two gunmen who shot the victim contained no affirmative contradictions as compared to the remainder of the evidence presented at Simpson’s trial, and was not immediately undercut by contradictory testimony in prior legal proceedings.
Under these circumstances, calling C.J.’s affidavit “inherently incredible” because C.J.’s statement was contradicted by other witnesses who testified at Simpson’s trial is an inappropriate basis to deny post-conviction relief without conducting an evi-dentiary hearing.[2] See Coley v. State, 74 So.3d 184, 185 (Fla. 2d DCA 2011) (characterizing exculpatory affidavit as inherently incredible merely due to contradictory trial testimony improper basis for summary denial of post-conviction claim, as this requires credibility determinations that only an evidentiary hearing can resolve); Lamar v. State, 768 So.2d 500, 501 (Fla. 2d DCA 2000) (reversing summary denial where the witnesses inculpating defendant had been “substantially impeached” at trial).
We would agree that this affidavit produced by a fellow prisoner nearly fifteen years after the event is inherently suspect, but this does not support summary denial in this case.[3]
Having determined that C.J.’s statement that Simpson did not commit the shooting was not inherently incredible, we conclude that the trial court erred when it failed to conduct an evidentiary hearing to determine whether C.J.’s statement is credible. See McLin, 827 So.2d at 956 (normally evidentiary hearing required to determine whether newly discovered evidence is “of such nature that it would probably produce an acquittal on retrial”); Nordelo, 93 So.3d at 185-86 (evidentiary hearing usually required to resolve legal questions on newly discovered evidence claims due to credibility determinations necessary in analysis).
Therefore, we reverse and remand with directions to grant Simpson an evidentiary hearing in this case, and for further proceedings consistent with this opinion.

Reversed and Remanded.

GROSS, DAMOORGIAN and LEVINE, JJ., concur.

. Simpson received this affidavit from C.J. on February 3, 2011, and filed the pending motion within two years of that date, rendering the motion timely under Rule 3.850(b)(1). See Goodman v. State, 845 So.2d 253, 254 (Fla. 1st DCA 2003).

. Those witnesses were substantially impeached by their out-of-court sworn statements under oath contradictory to their trial testimony.

. Of course, C.J.’s affidavit was under oath subjecting him to prosecution for perjury if his allegation is proven false. See § 837.012, Fla. Stat. (2010) ("Perjury when not in an official proceeding”). C.J. would be subject to further felony perjury prosecution were he to testify falsely at an evidentiary hearing. § 837.02, Fla. Stat. (2010) ("Perjury in official proceedings").