IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MARCSENE UTILE,

      Appellant,

 v.                                                                    Case No.  5D17-2668

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed January 19, 2018

3.850 Appeal from the Circuit Court
for Orange County,
John Marshall Kest, Judge.

Marcsene Utile, Sneads, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kellie A. Nielan, Assistant
Attorney General, Daytona Beach, for
Appellee.


LAMBERT, J.

      Marcsene Utile appeals the postconviction court's order summarily denying his

Florida Rule of Criminal Procedure 3.850 amended motion for postconviction relief.  For

the following reasons, we reverse and remand with directions to grant Utile an evidentiary

hearing on his claim of newly discovered evidence.

In 2006, Utile was convicted after trial of second-degree murder and attempted second-degree murder, with the jury making separate, specific findings that Utile actually possessed and discharged a firearm that caused the death of one victim and great bodily harm to the second victim. On direct appeal, this court affirmed Utile's convictions without opinion. *Utile v. State*, 992 So. 2d 271 (Fla. 5th DCA 2008).

In July 2016, Utile filed the instant rule 3.850 motion for postconviction relief that he later amended.[1] In grounds one and two, Utile alleged that he had newly discovered evidence from two separate witnesses that will result in an acquittal on retrial, and he attached to his motion their sworn statements that Utile's brother, and not Utile, was the shooter. Neither witness testified at trial, explaining in their statements that they did not do so out of fear of retaliation by the victims' families. In his third ground, Utile alleged that his trial counsel was ineffective for failing to object to the manslaughter by intentional act jury instruction found to be fundamentally flawed in *State v. Montgomery*, 39 So. 3d 252 (Fla. 2010).

In summarily denying the first two grounds of Utile's motion, the postconviction court, who did not preside over the trial, described in its order certain eyewitness testimony provided at trial that supported the verdicts and concluded that it was unlikely that the newly discovered testimony would have outweighed this trial evidence or produced an acquittal on retrial. In denying the third ground, the court determined that because Utile was convicted of offenses that required a finding that he committed an intentional act, the manslaughter jury instruction "that required intent would only have

---

[1] This is Utile's third rule 3.850 motion. The first two motions were denied, and Utile's appeals of the denial orders were affirmed. *Utile v. State*, 78 So. 3d 554 (Fla. 5th DCA 2012); *Utile v. State*, 63 So. 3d 782 (Fla. 5th DCA 2011).

helped [Utile]" as it gave the jury an option to find him guilty of a lesser included crime "when they believed he committed an intentional act." Thus, the court reasoned that this instruction did not prejudice Utile and, further, that any objection by his trial counsel to the standard instruction would have been meritless.

Rule 3.850(b)(1) provides that no motion shall be filed or considered pursuant to this rule if filed more than two years after the judgment and sentence became final, unless it alleges that the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, and that the claim is made within two years of the time the new facts were or could have been discovered with the exercise of due diligence. In addition to showing that the evidence was unknown and could not have been uncovered by due diligence, the movant must establish that the evidence is of a nature that it would probably produce an acquittal on retrial. *Nordelo v. State*, 93 So. 3d 178, 184 (Fla. 2012) (citing *Jones v. State*, 591 So. 2d 911, 915 (Fla. 1991)).

The decision of a postconviction court to deny an evidentiary hearing on a rule 3.850(b) motion based on newly discovered evidence is subject to de novo review because it "is ultimately based on review of written documents . . . , making the trial court's ruling a pure question of law." *Simpson v. State*, 100 So. 3d 1258, 1259 (Fla. 4th DCA 2012) (citing *Nordelo*, 93 So. 3d at 184). To uphold the summary denial of the motion, it must either be facially invalid or the claims must be conclusively refuted by the record. *Id.* (citing *McLin v. State*, 827 So. 2d 948, 954 (Fla. 2002)). Moreover, "[i]n undertaking this review, the factual allegations of the motion must be accepted as true unless refuted by the record." *Id.* (citing *Nordelo*, 93 So. 3d at 184; *McLin*, 827 So. 2d at 956).

3

When adjudicating a rule 3.850 motion based on newly discovered evidence, the postconviction court is tasked with considering "all newly discovered evidence which would be admissible" at trial and determining "whether such evidence, had it been introduced at trial, would have probably resulted in an acquittal. In reaching this conclusion, the judge will necessarily have to evaluate the weight of both the newly discovered evidence and the evidence which was introduced at the trial." *Nordelo*, 93 So. 3d at 185 (quoting *Jones*, 591 So. 2d at 916). As a result, these types of factual matters generally require an evidentiary hearing to allow the court to test the credibility of the newly discovered evidence and whether the movant acted with due diligence, "unless the affidavit is inherently incredible or obviously immaterial to the verdict and sentence." *Id.* (quoting *Davis v. State*, 26 So. 3d 519, 526 (Fla. 2009)).

Here, the witnesses' affidavits provided evidence that would have been material to the question of whether Utile committed these crimes. Additionally, the postconviction court did not find the affidavits to be "inherently incredible," nor would it appear appropriate for the court to do so. *See Simpson*, 100 So. 3d at 1260; *see also Coley v. State*, 74 So. 3d 184, 185 (Fla. 2d DCA 2011) (finding that characterizing an exculpatory affidavit as inherently incredible merely due to contradictory trial testimony is an improper basis for a summary denial of a postconviction claim, as this requires credibility determinations that only an evidentiary hearing can resolve). Accordingly, while we understand that these affidavits produced approximately twelve years after the shooting may be suspect, we nonetheless conclude that the court erred in summarily denying grounds one and two of Utile's amended motion without conducting an evidentiary

4

hearing to address Utile's due diligence and to assess the credibility of the witnesses' statements exculpating Utile from these crimes.

As to ground three of the amended motion, Utile argued that his trial counsel was ineffective for failing to object to the then-standard manslaughter by act jury instruction that the Florida Supreme Court later held, in *Montgomery*, to be fundamentally erroneous because it required the jury to find that the defendant intended to kill the victim. 39 So. 3d at 258. Utile further asserted that this error was not separately cured by the jury in his case having also been instructed on manslaughter by culpable negligence because the trial evidence would not have reasonably supported a finding of manslaughter by culpable negligence. *See State v. Dominique*, 215 So. 3d 1227, 1236–37 (Fla. 2017) (holding that erroneous instruction for manslaughter by act was not per se fundamental error requiring reversal of conviction for second-degree murder if the jury was also instructed on manslaughter by culpable negligence and the trial evidence supported this crime).

Although ground three is successive to Utile's earlier rule 3.850 motions, *see* Fla. R. Crim. P. 3.850(f), the postconviction court elected to address its merits. The court ruled that Utile was not entitled to relief because by finding him guilty of second-degree murder and attempted second-degree murder, the jury necessarily determined that Utile committed intentional acts and thus, by inference, was not culpably negligent. However, because Utile was convicted of second-degree murder, which is one step removed from the lesser included offense of manslaughter, and, as concluded by the lower court, Utile's actions were found to be intentional and not culpably negligent, Utile would have been prejudiced by the use of the fundamentally erroneous manslaughter by act instruction that required proof of an intent to kill the victim. *See Montgomery*, 39 So. 3d at 259.

5

We nevertheless affirm the summary denial of ground three but not for the reasons provided in the order. *See Foss v. State*, 24 So. 3d 1275, 1276–77 (Fla. 5th DCA 2009) (affirming an order denying a rule 3.850 motion under the "tipsy coachman" rule because the trial court reached the right conclusion, albeit for the wrong reasons). Utile's reliance on *Montgomery* is misplaced because *Montgomery* was not decided by the Florida Supreme Court until 2010. In *Harricharan v. State*, 59 So. 3d 1162, 1163 (Fla. 5th DCA 2011), *rev. denied*, 92 So. 3d 213 (Fla. 2012), we held that *Montgomery* does not apply to cases that were final before *Montgomery* was decided. *Accord Mendoza v. State*, 93 So. 3d 458 (Fla. 4th DCA 2012); *Rozzelle v. State*, 29 So. 3d 1141 (Fla. 1st DCA 2009). Utile's convictions were final in 2008 when this court issued its mandate on his direct appeal and he pursued no further relief with the Florida Supreme Court. *See Anton v. State*, 976 So. 2d 6, 8 (Fla. 2d DCA 2008) (holding that a defendant's judgments and sentences become final upon the issuance of the appellate court's mandate). Moreover, Utile's trial counsel would have been unsuccessful in arguing against the use of the then-standard manslaughter by act jury instruction at his trial because the controlling precedent from our district at the time of Utile's trial provided that an essential element of the crime of voluntary manslaughter was an intent to kill. *See Barton v. State*, 507 So. 2d 638 (Fla. 5th DCA 1987), *quashed in part on other grounds*, 523 So. 2d 152 (Fla. 1988). Furthermore, the First District Court of Appeal's decision in *Montgomery v. State*, 70 So. 3d 603 (Fla. 1st DCA 2009), that the use of the standard manslaughter by act jury instruction constituted fundamental error in a prosecution for second-degree murder, later approved by the Florida Supreme Court, was not issued until after Utile's direct appeal was final. Thus, Utile's trial counsel was not ineffective for failing to make an argument

6

or objection based on a case that was not in the "pipeline" or by otherwise failing to anticipate a change in the law.

In sum, we reverse and remand with directions to hold an evidentiary hearing on grounds one and two of Utile's motion, consistent with this opinion, and we affirm the denial of ground three.[2]

AFFIRMED in part; REVERSED in part; and REMANDED.

TORPY and EDWARDS, JJ., concur.

---

[2] Utile raised a fourth ground for relief in his motion, asking that the lower court "do a cumulative analysis on the above two grounds of newly discovered evidence." Ground four has not been separately briefed, and thus, appellate review of this ground has not been preserved. *See Ward v. State*, 19 So. 3d 1060, 1061 (Fla. 5th DCA 2009). Moreover, in light of our decision today on grounds one and two, ground four is immaterial and moot.