IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ANTWAINE J. GRAYS,

      Appellant,

 v.                                  Case No.  5D17-3437

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed May 4, 2018

3.850 Appeal from the Circuit Court
for Orange County,
Keith A. Carsten, Judge.

Antwaine J. Grays, Clermont, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and L. Charlene Matthews,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

Antwaine Grays appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief, alleging newly discovered evidence. The alleged newly discovered evidence was the sworn statement of a fellow inmate admitting to the commission of the crimes for which Grays had been convicted.  In the sworn statement, the affiant also details circumstances surrounding the alleged crimes,

states that Grays had no involvement in the crimes, and sets forth reasons why the information had not been disclosed earlier. Although the trial court understandably viewed the affidavit as suspect,[1] it was error to determine the propounded evidence to be "non-credible" without an evidentiary hearing.

We review the trial court's order de novo. *Utile v. State*, 235 So. 3d 1045, 1048 (Fla. 5th DCA 2018). Summary denial will be upheld if the motion was either facially invalid or the claims were conclusively refuted by the record. *Id.*

Here, the postconviction court was tasked with considering all newly discovered evidence that would be admissible at trial and determining whether such evidence, had it been introduced at trial, would have probably resulted in an acquittal. In reaching this conclusion, the judge would necessarily have to evaluate the weight of both the newly discovered evidence and the evidence that was introduced at trial. *Noradello v. State*, 93 So. 3d 178, 185 (Fla. 2012) (citing *Jones v. State*, 591 So. 2d 911, 916 (Fla. 1991)). As a result, these types of factual matters generally require an evidentiary hearing to allow the court to test the credibility of the newly discovered evidence "unless the affidavit is inherently incredible or obviously immaterial to the verdict and the sentence." *Id.* (quoting *Davis v. State*, 26 So. 3d 519, 526 (Fla. 2009)).

In the present case, the fellow inmate's affidavit provided evidence that would have been material to the question of whether Grays committed the charged crimes. Furthermore, the postconviction court did not find the affidavit to be "inherently incredible," nor would it have been appropriate for the court to have done so. *See Simpson v. State*, 100 So. 3d 1258, 1260 (Fla. 4th DCA 2012) (finding that characterizing exculpatory

---

[1] The affiant is serving several life sentences.

2

affidavit as inherently incredible merely due to contradictory trial testimony is improper basis for summary denial of postconviction claim, as this requires credibility determinations that only evidentiary hearing can resolve). Accordingly, we reverse the trial court's summary denial order and remand for an evidentiary hearing.

REVERSED and REMANDED for evidentiary hearing.


EVANDER, LAMBERT and EDWARDS, JJ., concur.

3