PER CURIAM.
Jamall Mitchell appeals the final order entered by the postconviction court denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In the motion, Mitchell alleged a number of claims for relief, including one based on newly discovered evidence in the form of a recantation by a trial witness. The postconviction court summarily denied this claim, finding that the recantation was not credible and was contradicted by other evidence at trial. We reverse, concluding that an evidentiary hearing on this claim is necessary.
At trial, the State presented several witnesses, including two co-defendants, who testified that Mitchell committed the bank robbery. After deliberations, the jury found Mitchell guilty of robbery with a firearm. Over four years later, one of the co-defendants swore in an affidavit that Mitchell was not guilty and he only testified against him to receive a lighter sentence on his own charges. Mitchell relied on that affidavit to support the newly discovered evidence claim, which the postconviction court summarily denied.
A postconviction court's decision to summarily deny a claim based on newly discovered evidence is subject to de novo review. Nordelo v. State , 93 So.3d 178, 184 (Fla. 2012). To be upheld on review, the claim must be facially invalid or conclusively refuted by the record. McLin v. State , 827. So. 2d 948, 954 (Fla. 2002) (quoting Foster v. State , 810 So.2d 910, 914 (Fla. 2002) ).
Florida courts recognize that "recantations are 'exceedingly unreliable.' " Archer v. State , 934 So.2d 1187, 1196 (Fla. 2006). When a defendant alleges new *458 evidence in the form of recanted testimony, a new trial will be granted only if the postconviction court finds the evidence credible and "the witness's testimony will change to such an extent as to render probable a different verdict." Robinson v. State , 736 So.2d 93, 93 (Fla. 4th DCA 1999) (quoting Armstrong v. State , 642 So.2d 730, 735 (Fla. 1994) ). An evidentiary hearing is generally required to evaluate the veracity of the recanting witness. Id. ; see also Utile v. State , 235 So.3d 1045 (Fla. 5th DCA 2018).
Here, the witness's affidavit offered potentially exculpatory evidence directly related to Mitchell's guilt. The postconviction court determined the witness's credibility and weighed the evidentiary conflicts based upon the affidavit alone. As the affidavit was not "inherently incredible" nor "obviously immaterial," we conclude that the postconviction court improperly made these determinations without the benefit of an evidentiary hearing. See Davis v. State , 26 So.3d 519, 526 (Fla. 2009).
Accordingly, we reverse the summary denial of the newly discovered evidence claim and remand for the postconviction court to hold an evidentiary hearing on this claim. We affirm the final order in all other respects.
AFFIRMED in part; REVERSED in part; and REMANDED.
COHEN, C.J., HARRIS and GROSSHANS, JJ., concur.