IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JULIUS ERWING BLACK,

       Appellant,

 v.

STATE OF FLORIDA,

       Appellee.

_____/

Case No.  5D21-2144
LT Case No. 2013-CF-1000-B

Decision filed April 8, 2022

3.850 Appeal from the Circuit Court
for Citrus County,
Richard A. Howard, Judge.

Julius Erwing Black, Perry, pro se.

Ashley Moody, Attorney General,
Tallahassee, and Kristen L. Davenport,
Assistant Attorney General,
Daytona Beach, for Appellee.

PER CURIAM.

Appellant Julius Erwing Black appeals the summary denial of his

Florida Rule of Criminal Procedure 3.850 motion for postconviction relief in

which he alleged newly discovered evidence.  In the motion, Appellant

claimed that one of his co-defendants recently made new statements

exculpating him and explained that he could not have produced the co-defendant's statements earlier because she had previously refused to testify or provide a deposition out of fear of incriminating herself and her brother, another co-defendant. After summarizing other witnesses' trial testimony, the trial court concluded the co-defendant lacked credibility and summarily denied Appellant's motion. We reverse.

Generally, it is inappropriate to determine a witness's credibility without a hearing. See, e.g., Utile v. State, 235 So. 3d 1045, 1048 (Fla. 5th DCA 2018) (observing that factual matters generally require an evidentiary hearing to allow a credibility determination). Had Appellant's motion attached a sworn affidavit from the co-defendant, a hearing to assess the co-defendant's credibility would have been appropriate. But here, no affidavit was attached to the motion, and the trial court never addressed the lack of an affidavit or Appellant's explanation for why the affidavit could not be obtained. See Fla. R. Crim. P. 3.850(c) ("If the defendant is filing a newly discovered evidence claim based on . . . a newly discovered witness, the defendant shall include an affidavit from that person as an attachment to his or her motion. . . . If the affidavit is not attached to the motion, the defendant shall provide an explanation why the required affidavit could not be obtained.").

Appellant's explanation for not attaching the affidavit was that he was transferred between correctional institutions and has lost all contact information for this co-defendant. Assuming the veracity of Appellant's representation that he discovered the co-defendant's statements on June 4, 2021,[1] Appellant has until June 4, 2023, to secure and file the affidavit. See Fla. R. Crim. P. 3.850(b)(1) (requiring presentation of newly discovered evidence claims within two years of when the facts were or could have been reasonably discovered). The trial court, rather than reviewing Appellant's motion for sufficiency, i.e., whether Appellant's explanation for the lack of affidavit was sufficient, proceeded to a determination of the co-defendant's credibility in order to rule on the merits of Appellant's motion. This was error. See Utile, 235 So. 3d at 1048.

On remand, the trial court may still deny Appellant's motion as insufficient if the court first evaluates and then rejects Appellant's explanation for the lack of an affidavit. However, if the court does reject Appellant's explanation, then Appellant would have until June 4, 2023, to obtain a sworn affidavit from the proposed witness. See Fletcher v. State, 53 So. 3d 1249, 1252 (Fla. 4th DCA 2011). Should the trial court accept Appellant's

---

[1] See, e.g., Freeman v. State, 761 So. 2d 1055, 1065 n.9 (Fla. 2000) (requiring allegations in postconviction relief motions to be taken as true unless conclusively rebutted by record).

3

explanation for the lack of an affidavit, then the trial court should either hold an evidentiary hearing or attach record excerpts that conclusively refute Appellant's claim.  <u>See</u> Fla. R. Crim. P. 3.850(f) (setting procedures for addressing claims).

Accordingly, we reverse and remand for further proceedings not inconsistent with this opinion.


REVERSED and REMANDED for further proceedings.


EVANDER, NARDELLA and WOZNIAK, JJ., concur.