IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

FRANK ROBERTS, III,

        Appellant,

v.                               Case No.  5D22-2118
                                     LT Case No. 2006-CF-014879-A

STATE OF FLORIDA,

        Appellee.

_____/

Opinion filed December 22, 2022

3.850 Appeal from the Circuit Court
for Brevard County,
Charles G. Crawford, Judge.

Bryan D. Savy, of Bross & Savy LLC,
West Melbourne, for Appellant.

No Appearance for Appellee.


EDWARDS, J.

      Appellant, Frank Roberts, III, filed a Florida Rule of Criminal Procedure

3.850 motion claiming that newly discovered evidence requires that he

receive a new trial.  The allegedly new evidence is from one of the State's

trial witnesses who now has executed a sworn affidavit in which she recants significant aspects of her trial testimony. Appellant argues that the postconviction court erred when it summarily denied his motion; he seeks an evidentiary hearing.

Given the evidence adduced at trial, the need for the lower court to assess the credibility of the recanting witness, and other case-specific matters, we agree. Based on the following authorities, we reverse and remand for an evidentiary hearing. *See Utile v. State*, 235 So. 3d 1045, 1048 (Fla. 5th DCA 2018) (citing *Coley v. State*, 74 So. 3d 184, 185 (Fla. 2d DCA 2011)); *Grays v. State*, 246 So. 3d 520, 521–22 (Fla. 5th DCA 2018) (citing *Simpson v. State*, 100 So. 3d 1258, 1260 (Fla. 4th DCA 2012)); *McKinnon v. State*, 221 So. 3d 1239, 1241 (Fla. 5th DCA 2017) (citing *Nordelo v. State*, 93 So. 3d 178, 184 (Fla. 2012)).

REVERSED and REMANDED.

LAMBERT, C.J., and HARRIS, J., concur.