# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-2891
LT Case No. 2007-CF-7026-A

_____

GLENN HAROLD,

     Appellant,

     v.

STATE OF FLORIDA,

     Appellee.

_____

3.850 Appeal from the Circuit Court for Duval County.
Jonathan D. Sacks, Judge.

W. Charles Fletcher, of Fletcher Law, Jacksonville, for Appellant.

Ashley Moody, Attorney General and Damaris E. Reynolds, Assistant Attorney General, Tallahassee, for Appellee.

May 31, 2024

KILBANE, J.

     Glenn Harold, ("Appellant"), appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief, in which he alleged a claim of newly discovered evidence in the form of a witness affidavit. Appellant attached an affidavit from a witness who testified that she was present at the time of the incident, witnessed the altercation between Appellant and the victim, and explained why she had not

previously come forward. Because the affidavit is not inherently incredible and the record does not conclusively refute this claim, we reverse.

Summary denial is rarely appropriate if the trial court needs to assess the credibility of the new testimony. *McLin v. State*, 827 So. 2d 948, 955 (Fla. 2002). Likewise, the second prong of the newly discovered evidence inquiry typically requires an evidentiary hearing. *Id.* at 956. If the affidavit is "inherently incredible" or the new evidence is "obviously immaterial," the court may summarily deny the motion. *Id.*

The State argues that the trial court could weigh the evidence presented at trial against the new evidence and summarily deny the claim with attachments. However, this Court recently found that the trial court may do so only to the extent the evidence presented at trial conclusively refutes the claim and the pertinent portions of the record are attached to the order. *Collins v. State*, 369 So. 3d 1231, 1234 (Fla. 5th DCA 2023). Here, although the trial evidence contradicted portions of the affidavit, it did not conclusively refute the affidavit. *See Himes v. State*, 310 So. 3d 542, 545 (Fla. 1st DCA 2021) ("[T]he mere fact that an affidavit is contradicted by trial testimony is also not necessarily grounds for a summary denial." (citing *Coley v. State*, 74 So. 3d 184, 185 (Fla. 2d DCA 2011); *Lamar v. State*, 768 So. 2d 500, 501 (Fla. 2d DCA 2000))).

Accordingly, since the affidavit is not inherently incredible and court records do not conclusively refute the claim, the trial court should have stricken the motion with leave to amend to sufficiently allege due diligence and if sufficiently alleged, set the matter for an evidentiary hearing. We therefore reverse the trial court's order summarily denying Appellant's motion for postconviction relief and remand for further proceedings.

REVERSED AND REMANDED.

LAMBERT and MACIVER, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____